IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-535-F

| | | |
|---|---|---|
| MICROSPACE COMMUNICATIONS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT, LTD, and GUEST-TEK ENTERTAINMENT, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on a Motion to Dismiss the Verified Complaint [DE-19] filed by defendant Guest-Tek, Inc. ("GT Inc."), and on the Motion for Leave to Amend Answer [DE-26] filed by defendant Guest-Tek, LTD ("GT LTD").[1] All motions are fully briefed and are ripe for ruling. For the reasons stated below, the Motion to Dismiss the Verified Complaint [DE-19] is DENIED, and the Motion for Leave to Amend Answer [DE-26] is ALLOWED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Microspace is a satellite communications company. Microspace leases space (known as bandwidth, or channels) on its satellites to other companies so that those companies may stream financial data, weather information, music, cinematic films, advertising, and hotel entertainment programming. Verified Complaint [DE 1-2] ¶ 8.

GT LTD is the parent company of GT Inc. GT LTD is headquartered in Canada, while GT Inc. is headquartered in Southern California. *Id.* ¶¶ 2-3. The two companies advertise themselves as having a "Head Office" and a "US Office." Exhibit 3 to the V. Compl. [DE-1-2] at

---

[1] Any references to Guest-Tek hereafter will refer to GT Inc. and GT LTD together.

23. Arnon Levy is the President of both GT Inc. and GT LTD. V. Compl. [DE 1-2] at ¶ 2, 3. Similarly, David Simpson is the chief financial officer of both GT Inc. and GTD LTD, while Suneil Aggarwal is the chief operating officer of both companies. *Id.* GT Inc. is authorized to conduct business in North Carolina. *See id.* ¶ 3.

Guest-Tek provides hotels and resorts with internet, data, video, and voice products. *Id.* ¶ 9. Microspace and GT LTD executed a lease contract allowing GT LTD access to a channel on Microspace's satellite bandwidth. *Id.* ¶ 10. When GT LTD stopped paying for Microspace's service, Microspace brought suit in North Carolina Superior Court. *See* Notice of Removal [DE-1]. The defendants removed the action to federal court on the basis of diversity jurisdiction. *Id.* ¶ 1.

GT LTD argues that Microspace is the party in breach because its service did not meet the specifications required by the contract. V. Compl. [DE 1-2] ¶ 16. According to Guest-Tek, the service Microspace provided was supposed to cover all fifty states, but did not cover one third of Guest-Tek's North American hotel clients. *See* Ex. 4 V. Compl. [DE-1-2] at 24. The service further did not meet the required minimum speed for data transfer. *Id.* Because of these failures, Guest-Tek terminated the contract on June 10, 2014. *See id.*; V. Compl. [DE 1-2] ¶ 16. According to Microspace, its service conformed to the terms of the contract. V. Compl. [DE 1-2] ¶ 18. Additionally, Microspace asserts that even if its service was inadequate, (1) Guest-Tek is still the breaching party because it did not give Microspace the contractually required opportunity to cure, and (2) Guest-Tek could not unilaterally cancel the contract after the option to terminate expired. *Id.* ¶ 20, 26; Ex. 5 V. Compl. [DE-1-2] at 25. Microspace seeks to recover the rent Guest-Tek should have paid for the remaining months on its lease. V. Compl. [DE-1-2] ¶ 32.

There are two motions pending before the court: The first is GT Inc.'s Motion to Dismiss [DE-19], filed by GT Inc. alone, wherein GT Inc. argues that it cannot be liable for breach of contract under North Carolina law because it is not a party to the contract between GT LTD and Microspace. The second is GT LTD's Motion to Amend [DE-26], filed by GT LTD alone, wherein GT LTD argues that it should be allowed to amend its answer to assert failure to mitigate as an affirmative defense.

## II. DISCUSSION

### A. GT Inc.'s Motion to Dismiss

#### i. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable

3

conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### ii. GT Inc. is liable for GT LTD's actions because of the alter ego or "instrumentality rule."

GT Inc. moves to dismiss the breach of contract claims against it because it is not a party to the contract at issue in this litigation. Generally, an individual or entity not party to a contract cannot be sued for breaching that contract. *Canady v. Mann*, 107 N.C. App 252, 259, 419 S.E.2d 597, 601 (1992). However, Microspace does not allege that GT Inc. is a party to the contract. Instead, Microspace claims that GT Inc. is liable for the actions of GT LTD because the two corporations are, in substance, a single business enterprise. That is, Microspace urges the court to apply the alter ego doctrine.

When the alter ego doctrine applies, the corporate form can be disregarded and one corporation can be held liable for the actions of the other. *See Glenn v. Wagner*, 313 N.C. 450, 453, 329 S.E.2d 326, 329-30 (1985). The alter ego doctrine has also been referred to as the "instrumentality rule," and applies where a corporation "exercises actual control over another, operating the latter as a mere instrumentality or tool." *Id.* at 454, 329 S.E.2d at 330. When this occurs, the corporate veil may be pierced, and the corporation exercising control over the instrumentality "is liable for the torts of the corporations thus controlled." *Id.*

The *Glenn* court specifically rejected the idea that in order to apply the instrumentality rule a situation had to meet some rigid outline of elements. *Id.* at 458, 329 S.E.2d at 332. Acknowledging that courts have enumerated a number of factors to consider when evaluating whether the alter ego doctrine applies, the *Glenn* court held that the key inquiry is, considering all circumstances, whether the controlled entity has "no separate mind, will, or existence of its

4

own and [is] therefore the mere instrumentality or tool of the dominant corporation." *Id.* When the two businesses function as a single business enterprise in substance, even though they are not a single business in form, the instrumentality rule applies. *See id.* at 459, 329 S.E.2d at 333. Here, in order to defeat GT Inc.'s motion, Microspace must plead its alter ego claim with sufficient facts that the alter ego claim is plausible on its face. *See Twombly*, 550 U.S. at 555, 570.

The substance versus form concept that the *Glenn* court relied on in making its decision is present here. Microspace's argues that GT LTD and GT Inc. function as a single business enterprise in substance. The court agrees. In its argument, Microspace relies on several compelling allegations. The two companies, GT LTD and GT Inc. advertise themselves as having a main office (GT LTD's office in Alberta, Canada) and a United States office (GT Inc.'s office in Los Angeles, California). *See* Ex. 3 V. Compl. [DE-1-2] at 23. The two companies have the same president, chief financial officer, and chief operating officer. V. Compl. [DE-1-2] ¶¶ 2-3. GT Inc.'s California office address was listed on the checks to Microspace for GT LTD's bandwidth rental. *See* Ex. 3 V. Compl. [DE-1-2] at 22. GT Inc. is the portion of Guest-Tek registered to do business in North Carolina. *See* V. Compl. [DE-1-2] ¶ 3.

Accepting all of the allegations of the Verified Complaint as true, GT Inc.'s contention that it is a separate and distinct entity from GT LTD is unpersuasive. The companies have elected to advertise in a way that makes them appear to be the same company; they have identical corporate leadership; they intermingle their bills. Indeed, GT LTD appears to use GT Inc. to conduct its business in North Carolina. GT Inc. would therefore be an instrumentality of GT LTD to conduct business. There is no indication in these facts that GT Inc. does anything separate and distinct from GT LTD. Rather, the facts indicate that GT LTD and GT Inc. are, in

5

substance, a single business enterprise. The court finds Microspace's assertion that the alter ego doctrine applies states a plausible claim for relief against GT Inc. Therefore, GT Inc.'s Motion to Dismiss the Verified Complaint [DE-19] is DENIED.

## B. GT LTD Motion to Amend

GT LTD has moved to amend its answer. Under Rule 15(a)(2), a court may grant leave to a party to amend a pleading, and such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). It is only proper to deny leave to amend if the amendment is "prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards*, 178 F.3d at 242. An amendment is considered futile if the asserted claim would not withstand a 12(b)(6) motion to dismiss. *See United States ex rel. Wilson v. Kellong Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

### i. The proposed amendment is not waived.

Microspace argues that GT LTD waived the affirmative defense because GT LTD failed to plead it in the answer. Nothing in the case law supports Microspace's one shot view of pleading affirmative defenses. Courts do not deny amendments simply because they seek to add affirmative defenses not pleaded in the original answer. Rather, courts evaluate the propriety of the amendment under Rule 15, as it would any other amendment. *See, e.g., R.J. Reynolds Tobacco Co. v. S. Ry. Co.*, 110 F.R.D. 95, 96 n.2, 98-99 (M.D.N.C. 1986) (allowing the defendant to amend to assert failure to mitigate as a defense); *Rabon v. Hopkins*, 208 N.C. App. 351, 353, 703 S.E.2d 181, 184 (2010) (evaluating the requested amendment to add an affirmative defense under North Carolina Civil Procedure Rule 15(a)).

In *R.J. Reynolds*, the district court allowed an amendment alleging new affirmative defenses. *See* 110 F.R.D. at 98. While the court denied some of the defenses on the basis of

futility, it allowed others, including a defense of mitigation of damages. *See id.* The court noted that allowing the defense would "not involve the issue of liability for the loss, but the measure of damages incurred by such liability," lessening the potential for harm to the plaintiff. *Id.* Though the Rules do state that affirmative defenses must be pleaded in the answer, the Rules do not bar a defendant from amending an answer to include a new affirmative defense, so long as the amendment is proper under Rule 15. *See id.* Accordingly, the proposed amendment is not waived. The court next addresses the propriety of the amendment under Rule 15.

### ii. The proposed amendment is not futile.

Microspace urges this court to deny the motion to amend on the basis that the affirmative defense is futile. Generally, an amendment is only futile if it would not withstand a 12(b)(6) motion to dismiss. As stated above, the *Iqbal/Twombly* pleading standard governs in a motion to dismiss. Microspace insists that the *Iqbal/Twombly* pleading standard applies equally to both complaints and answers, including to affirmative defenses. However, the Fourth Circuit has not ruled on whether *Iqbal/Twombly* applies to answers and affirmative defenses. *Coach Inc. v. Sun Super Market Inc.*, No. 5:13-CV-679-FL, 2014 WL 545948, at *2 (E.D.N.C. Feb. 10, 2014). Nor has any other circuit court. *Id.* This court finds more recent district court decisions on the matter to be persuasive and adopts their reasoning. *See, e.g., id.* (declining to apply the plausibility standards to affirmative defenses). Defendants do not have the same luxury of time that plaintiffs get in drafting complaints, and the requirements of Federal Rule of Civil Procedure 8(a), as discussed in *Iqbal/Twombly*, differ from the requirements of subsections (b) and (c). Therefore, this court now declines to apply the *Iqbal/Twombly* pleading standard to affirmative defenses and instead evaluates them under the standards set forth in Rule 8(b) and (c).

7

Rule 8(b) requires that affirmative defenses be pleaded in short and plain terms. *See* Fed. R. Civ. P. 8(b). It does not require any showing that the defendant is entitled to relief. Indeed, "[a] defense is insufficient 'if it is clearly invalid as a matter of law.'" *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Courts have struck defenses when they "would not, under the facts alleged, constitute a valid defense to the action." *Snow v. Global Credit & Collection Corp.*, No. 5:13-CV-721-FL, 2014 WL 5781439, at *1 (E.D.N.C. Nov. 6, 2014) (internal quotation marks omitted) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)).

Here, GT LTD's proposed amendment is in compliance with Rule 8(b) and (c). The amended answer states that "Plaintiff's claims are barred or limited by its failure to mitigate damages." Amended Answer and Affirmative Defenses of Guest-Tek Interactive Entertainment Ltd [DE 26-1] at 6. While GT LTD is not required to meet the pleading standards of *Iqbal/Twombly*, GT LTD's memorandum in support of its motion indicates that Microspace's limited discovery responses support the possibility of a failure to mitigate defense. *See* Memorandum in Support of Motion for Leave to Amend Answer [DE-27] at 3-4. Because the defense is in compliance with Rule 8(b) and (c) and because the defense is not clearly invalid as a matter of law, the proposed amendment is not futile.

In sum, this court holds that the proposed amendment is proper under Rule 15. As discussed above, the amendment is not futile. Furthermore, there is no basis for any argument of undue delay. The motion to amend was filed prior to the deadline for requests to amend pleadings set in the scheduling order. Finally, the proposed amendment does not prejudice Microspace. Discovery is still open and Microspace has been on notice that GT LTD would seek

this defense, given the exchange in ongoing discovery. Therefore, GT LTD's Motion for Leave to Amend Answer [DE-26] is ALLOWED.

### III. CONCLUSION

For the foregoing reasons, Defendant GT Inc.'s Motion to Dismiss the Verified Complaint [DE-19] is DENIED, and Defendant GT LTD's Motion for Leave to Amend Answer [DE-26] is ALLOWED. The Clerk of Court is DIRECTED to docket the Amended Answer and Affirmative Defenses of Guest-Tek Interactive Entertainment Ltd [DE-26-1] as the new operative answer for GT LTD in this case. The Clerk of Court is further DIRECTED to continue management of this case.

SO ORDERED.

This, the _17th_ day of August, 2015.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge